BEVERLY GRAHAM, administratrix of the :    COURT OF COMMON PLEAS
ESTATE OF QUINTIEN TATE-MCDONALD, :    PHILADELPHIA COUNTY
deceased      :

        vs.        :      MARCH TERM 2023, NO. 01653

PHILADELPHIA HOUSING AUTHORITY :    Consolidated
and ENOR INTERNATIONAL, INC. d/b/a :
TECHNO TORCH     :

        vs.        :

BIC USA, INC. and BIC CORPORATION d/b/a :
BIC, INC. d/b/a BIC d/b/a BIC USA INC. :

*Filed and Attested by the
Office of Judicial Records
14 JAN 2024 03:52 pm
P. DIXON*

## ORDER

**AND NOW,** this _____ day of _____, 2024, it is **ORDERED** and

**DECREED** that Defendant Philadelphia Housing Authority's Motion to Compel and Motion to

Enforce Subpoena Dated June 19, 2023 to the Philadelphia Fire Department is **GRANTED**.  It is

further **ORDERED** that the Philadelphia Fire Department shall fully comply with Philadelphia

Housing Authority's subpoena *deuces tecum* dated June 19, 2023 and the document areas set forth

in the rider to that subpoena within ten (10) days of the date of this Order.  This includes producing

the following:

     1.     The complete file(s) (paper and electronic) of the
                Philadelphia Fire Department including the Philadelphia Fire
                Marshal's Office relating to the fire at 869 N. 23rd Street,
                Philadelphia, PA 19130 on January 5, 2022.

     2.     All documents related to the fire at 869 N. 23rd Street,
                Philadelphia, PA 19130 on January 5, 2022 including all
                correspondence, letters, emails, text messages, statements,
                transcripts, memorandums, faxes, notes, m e d i a,
                writings, forms, records, reports, evaluations, logs, and
                journals.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

3.      All communications and documents by and between Philadelphia Fire Department and ATF related to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

4.      All reports prepared by ATF relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022 including, all exhibits, records, documents, and appendices to any reports.  This includes drafts of such documents.

5.      All documents related to any report prepared by ATF regarding the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

6.      All documents related to any and all investigations regarding the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.  This includes investigations by the Philadelphia Fire Department, the Philadelphia Fire Marshal's Office, ATF, the Commonwealth of Pennsylvania, the City of Philadelphia, and the Philadelphia Police Department.

7.      All communications and documents by and between the Philadelphia Fire Department and the City of Philadelphia including any agency, official, representative, or department of the City of Philadelphia relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

8.      All documents regarding any evidence taken or observed from 869 N. 23rd Street, Philadelphia, PA 19130 and the fire on January 5, 2022.

9.      All emails of the Philadelphia Fire Department relating to the fire on January 5, 2022 at 869 N. 23rd Street, Philadelphia, PA 19130.

10.     All communications and documents, including emails, by and between the Philadelphia Police Department and the Philadelphia Fire Department relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

11.     All communications and documents, including emails, by and between the Philadelphia Fire Department and any federal official, federal department or federal agency relating

134595005.1 2

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

12. All communications and documents by and between the Philadelphia Fire Department and the Commonwealth of Pennsylvania including any commonwealth agency or department relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

13. All documents and communications by and between the Philadelphia Fire Department and any person, investigator, attorney, law firm, or the media relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

14. All documents regarding any tests, findings, or evaluations of any evidence or materials from 869 N. 23rd Street, Philadelphia, PA 19130 relating to the fire on January 5, 2022.

15. All evidence logs and evidence journals regarding any evidence relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

16. All documents relating to any smoke detector and lighter found or observed regarding the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

17. All photographs relating to all evidence relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

18. All diagrams, maps, sketches, and drawings relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

19. All notes and writings relating all evidence regarding the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

20. All documents and files related to the Philadelphia Fire Marshal's Office regarding the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

21. The "2,390 photographs" as stated in the Philadelphia Fire Department's Counsel's letter of December 21, 2023.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

22.    "The 29 Reports of investigation, documenting ATF investigative steps including 18 constituting a record of an interview" as stated in the Philadelphia Fire Department's Counsel's letter of December 21, 2023.

23.    "The ATF Evidence Log, and related records" as stated in the Philadelphia Fire Department's Counsel's letter of December 21, 2023.

24.    The " 3D tour of the property.... and hundreds of image files that support that software" as stated in the Philadelphia Fire Department's Counsel's letter of December 21, 2023.

25.    "A number of video models of the property apparently predicting fire, etc. propagation" as stated in the Philadelphia Fire Department's Counsel's letter of December 21, 2023.

BY THE COURT:

_____
J.

Discovery Deadline: October 7, 2024

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

**LEWIS BRISBOIS BISGAARD & SMITH LLP**                Attorneys for Defendant
BY:    Lee Janiczek, Esq.                              Philadelphia Housing Authority
       Chester F. Darlington, Esq.
I.D. Nos. 68433/79070
550 E. Swedesford Road, Suite 270
Wayne, PA  19087
(215) 977-4100 telephone
(215) 977-4101 facsimile
Lee.Janiczek@lewisbrisbois.com
Chester.Darlington@lewisbrisbois.com

| | | |
|---|---|---|
| BEVERLY GRAHAM, administratrix of the ESTATE OF QUINTIEN TATE-MCDONALD, deceased | : : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| vs. | : : | MARCH TERM 2023, NO. 01653 |
| PHILADELPHIA HOUSING AUTHORITY and ENOR INTERNATIONAL, INC. d/b/a TECHNO TORCH | : : : : | |
| vs. | : : | |
| BIC USA, INC. and BIC CORPORATION d/b/a BIC, INC. d/b/a BIC d/b/a BIC USA INC. | : : : | |

### DEFENDANT PHILADELPHIA HOUSING AUTHORITY'S
### MOTION TO COMPEL AND ENFORCE SUBPOENA DATED JUNE 19, 2023 TO THE
### PHILADELPHIA FIRE DEPARTMENT

Defendant Philadelphia Housing Authority ("PHA"), by and through its attorneys, Lewis

Brisbois Bisgaard & Smith, LLP, respectfully submits this Motion to Compel and Enforce

Subpoena dated June 19, 2023 to the Philadelphia Fire Department, and in support thereof avers

as follows:

1.      This is the second discovery motion that PHA has been compelled to file against

the Philadelphia Fire Department to obtain basic information and documents that the fire

134595005.1

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

department is withholding and/or refusing to disclose regarding the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022 whereby twelve people died.

2.      The Philadelphia Fire Department refuses to produce - or even disclose - many documents and materials related to the fire and the investigation of the fire.

3.      The Philadelphia Fire Department will not provide a privilege log of the documents and materials it is withholding.

4.      As averred below, PHA has attempted to work with the Philadelphia Fire Department since PHA issued its document subpoena on June 19, 2023.  However, the conduct of the Philadelphia Fire Department since June 2023 regarding the subpoena has at times been dismissive, deficient, defensive, and dilatory.  PHA is now regrettably compelled to seek court intervention for the second time.

## I.      **BACKGROUND**

5.      As averred in the pleadings, this action arises from a fire at 869 N. 23rd Street, Philadelphia, PA 19130, on January 5, 2022 at a PHA property whereby twelve people died.

6.      In March 2023, seven lawsuits were filed in the Court of Common Pleas regarding the fire.  They are as follows:

- Vanessa McDonald, individually and as the administratrix of the Estate of Janiyah Roberts, deceased vs. Philadelphia Housing Authority and Enor International, Inc. d/b/a Techno Torch, No. 230301721;

- Vanessa McDonald, individually and as the administratrix of the Estate of Rosalee McDonald, deceased vs. Philadelphia Housing Authority and Enor International, Inc. d/b/a Techno Torch, No. 230301716;

- Vanessa McDonald, individually and as co-administrator and Jeffery White, as co-administrator of the Estate of Quinsha White, deceased vs. Philadelphia Housing Authority and Enor International, Inc. d/b/a Techno Torch, No. 230301710;

- James Williams, individually and as the administrator of the Estate of Destiny McDonald, deceased vs. Philadelphia Housing Authority and Enor International, Inc. d/b/a Techno Torch, No. 230301714;

- Beverly Graham as administratrix of the Estate of Quintien Tate-McDonald, deceased vs. Philadelphia Housing Authority and Enor International, Inc. d/b/a Techno Torch, No. 230301653;

- Howard Robinson, individually and as the administrator of the Estates of Tiffany Robinson, Taniesha Robinson, DeKwan Robinson and J'Kwan Robinson vs. Philadelphia Housing Authority and Enor International, Inc. d/b/a Techno Torch, No. 230301711; and

- Louise Woods, Tyhara Woods, Charles Scott, Z.S., C.S., and M.S. vs. Philadelphia Housing Authority and Enor International, Inc. d/b/a Techno Torch, No. 230301722.

7.      All the lawsuits above assert negligence against PHA, and product liability claims against Enor International, Inc. regarding a lighter.

8.      Enor International, Inc. filed a Joinder Complaint against BIC USA INC.  As discussed below multiple lighters were apparently found by the authorities.

9.      The seven lawsuits were consolidated for the purposes of discovery only under No. 230301710.

10.      While not presently consolidated into this matter, on or about January 5, 2024, the Plaintiffs filed actions in this Court against BIC and the Philadelphia Department of Human Services.  Also, a new plaintiff, R.W., filed suit against the defendants.  The Plaintiffs also filed two additional writs of summons in the Court of Common Pleas.

## II.    THE JUNE 19, 2023 SUBPOENA *DUCES TECUM,* THE PHILADELPHIA FIRE DEPARTMENT'S FAILURE TO RESPOND, AND PHA'S ATTEMPTS TO WORK WITH THE FIRE DEPARTMENT AND OBTAIN A RESPONSE

11.      On or about June 20, 2023, PHA served a subpoena *duces tecum* on the Philadelphia Fire Department.  A true copy of the subpoena and related documents is attached hereto at Exhibit "A."

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

12.    The June 19, 2023 subpoena to the Philadelphia Fire Department requested the following (Exhibit "A"):

1.    The complete file(s) (paper and electronic) of the Philadelphia Fire Department relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

2.    All documents related to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022 this includes, but is not limited to, all correspondence, letters, emails, text messages, statements, transcripts, memorandums, faxes, notes, writings, forms, records, reports, logs, and journals.

3.    All photographs, video, and recordings relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022. This includes, but is not limited to, cell phone recordings, CCTV, security cameras, body cam, and doorbell cameras.

4.    All body cam recordings, photographs, video, or audio relating to the interview of R.W., a minor, on January 5, 2022 at Children's Hospital of Philadelphia.

5.    All communications and documents by and between Philadelphia Fire Department and ATF related to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

6.    All reports prepared by ATF relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022 including, but not limited to, all exhibits, records, documents, and appendices. This includes, but is not limited to, any drafts.

7.    All documents related to any report prepared by ATF regarding the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

8.    All documents, video, and recordings related to any interview or statement of any person related to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022 including, but not limited to, Howard Robinson and R.W.

9.    All documents related to any and all investigations regarding the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

10.   All communications and documents by and between the Philadelphia Fire Department and the City of Philadelphia including any agency, official, representative, or department of the City of Philadelphia relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

11.   All documents related to any and all 911 calls regarding the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

12.   All documents regarding any evidence from 869 N. 23rd Street, Philadelphia, PA 19130.

13.   All communications and documents by and between the Philadelphia Police Department and the Philadelphia Fire Department relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

14.   All communications and documents by and between the Philadelphia Fire Department and any federal official, federal department or federal agency relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

15.   All communications and documents by and between the Philadelphia Fire Department and the Commonwealth of Pennsylvania including any commonwealth agency or department relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

16.   All documents and communications by and between the Philadelphia Fire Department and any person, investigator, attorney, law firm, or the media relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

17.   All documents regarding any tests, findings, or evaluations of any evidence or materials from 869 N. 23rd Street, Philadelphia, PA 19130.

18.   All filings or submissions in a court of law related to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

19.   All logs and journals regarding any evidence relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

20.   All documents and files related to the Philadelphia Fire Marshal's Office regarding the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

13.   The Philadelphia Fire Department did not respond within twenty days.

14.   PHA's Counsel made many attempts to obtain a response from the Philadelphia Fire Department (hereinafter "PFD") and provided the PFD with additional time to respond, as follows:

a)   On or about June 29, 2023, PHA's Counsel spoke with an official at the PFD who acknowledged that PFD was working on a response.

b)   On July 11, 2023, an official for PFD emailed PHA's Counsel and stated that PFD was working on the response.

c)   On August 21, 2023, PHA's Counsel emailed the PFD official requesting a status. PFD responded by stating that it needed 8 weeks from service to process.

d)   On August 25, 2023, PFD sent an email that a response would be provided the following week.

e)   On October 11, 2023, PHA's Counsel sent a letter to PFD requesting a response.

f)   On October 23, 2023, PHA's Counsel emailed the official requesting a response to the October 11, 2023 letter.

g)   On October 25, 2023, PHA's Counsel again emailed the official requesting a call.

h)   On November 3, 2023, PHA's Counsel called PFD, left a message, and confirmed the voice mail with an email.

i)   On November 5, 2023, the PFD official emailed PHA's Counsel and a call was scheduled.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

j)       On November 6, 2023, PHA's Counsel and the official spoke, and he stated that he would check with the law department and get back to PHA's Counsel.

## III.   PHA's FIRST MOTION TO ENFORCE DATED NOVEMBER 15, 2023 AGAINST THE PHILADELPHIA FIRE DEPARTMENT

15.     Because of the absence of a response from PFD to the June 19, 2023 subpoena and despite PHA's numerous attempts to obtain a response from PFD over the course of five months, PHA was regrettably compelled to file on November 15, 2023 a Motion to Enforce against PFD.

16.     Subsequently, communications ensued between counsel for PFD and PHA regarding resolving the motion.  PFD and PHA entered into an order by agreement as to the motion.

17.     On December 12, 2023, PHA filed a Praecipe to Enter Discovery Order by Agreement.  The agreed upon Order stated:

> NOW, this _____ day of _____, 2023, upon consideration of Defendant Philadelphia Housing Authority's ("PHA") Motion to Enforce Subpoena Against City of Philadelphia Fire Department, and by agreement of the parties, it is HEREBY ORDERED that the Motion is GRANTED, inasmuch as respondent City of Philadelphia Fire Department shall produce documents responsive to the subpoena within ten (10) days of the entry of this Order, excepting those documents provided to the City by the U.S. Department of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). The City shall provide a privilege log if so demanded. This Order shall be without prejudice to PHA to seek further production—including of ATF documents—or otherwise challenge a redaction and shall not be construed as a waiver of any objections or privileges by the either PHA or the City of Philadelphia.

18.     As the above order demonstrates, PHA and PFD reserved all objections and defenses while PFD would respond within 10 days.  Moreover, PFD agreed that "The City shall provide a privilege log if so demanded."  The Order also carved out ATF documents from the production, while reserving all rights and defenses to later pursue the carved-out ATF documents.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

## IV.   PFD'S LIMITED AND PARTIAL RESPONSE TO SUBPOENA DATED DECEMBER 21, 2023

19.     On December 21, 2023, PFD provided a limited and partial response to the June 19, 2023 subpoena.  The cover letter from PFD's Counsel stated the following as to what PFD produced ("PPD" refers to the Philadelphia Police Department):

> I have reviewed the Fire Department's investigative file and am producing by link included with the enclosing email, the below categories of documents.  I note that, because of the ATF's involvement, the Fire Department developed limited independent investigative records related to this fire. I also recognize much of this may be duplicative of other records in your possession.
>
> - ATF Disclosure Memo to City of Philadelphia Fire Department
> - Unattributed Notes re Interview with juvenile
> - NIST Christmas Tree Video
> - PPD Dispatch Log with 52 audio files of radio calls
> - PPD Search Warrant
> - Medical Examiner Document Listing Victims
> - Phila. L&I Records and Complaints
>
> - Various PPD Police Investigation records
>   - Excepting an ATF record of an interview of Howard Robinson.
> - 34 Video files of Ring Video
> - 2 video files of PPD draft compilations of video
> - A Philadelphia School District notification memo.
> - 326 Photos taken by PPD
> - 156 Photos taken by the Medical Examiner's Office
> - 14 files of PPD BWC video
> - 109 Scene Photos taken by PPD
> - 2 mp4 files of cellphone video

20.     As the above demonstrates, PFD produced little that it created/authored or that was related to the cause and origin investigation of the fire.  Instead, PFD mostly reproduced the police department file.  Also notable is PFD's reference to "[e]xcepting an ATF record of an interview of Howard Robinson."  The importance of this is discussed below in the context of selective waiver.

21.     The PFD letter noted that the following was withheld:

134595005.1 **8**

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

I note that ATF gave the City Fire Department restricted access to documents it generated; and I maintain my objections to being able to produce these records for the reasons stated in my filing. I will however briefly identify those documents:

- A 3D tour of the property (3D Vista software), and the hundreds of image files that support that software.
- The ATF Evidence Log, and related records.
- Files constituting or in draft form of a layout/blueprint of the property.
- A drone model of the property
- 2 Leica 3D Scans of the property;
- A number of video models of the property apparently predicting fire, etc. propagation
- The ATF Origin and Cause Report
- Reference material (e.g., scholarly articles concerning fire propagation)
- 2,390 files of photographs, of which many may be duplicative.
- 29 Reports of Investigation, documenting ATF investigative steps, including 18 constituting a record of an interview
- Records and photos from the US Department of Housing and Urban Development

To the extent you are still seeking any of these records I recommend you contact the DOJ. The City reserves its objection to this subpoena in all other respects.

22.     PFD did not provide any formal objections in the cover letter other than stating that the ATF documents in the PFD's possession were provided to PFD by the ATF with "restricted access."

23.     In the December 21, 2023 cover letter PFD did not object based on relevance, burden, over broadness, or any other privilege or exemption.

24.     On December 21, 2023, PFD impermissibly failed to provide both documents created/authorized by ATF **and** documents created/authored by PFD.  The following were not produced by PFD on December 21, 2023:

a)  Documents provided to PFD from ATF.

b)  Documents authored or created by PFD that refer to ATF.

c)  Documents authored or created by the Philadelphia Fire Marshal's Office.

d)  Documents related to PFD's cause and origin investigation of the fire.

e)  Documents related to the fire marshal's interviews of CHOP employees and R.W.

f)  Any emails related to the fire.  PFD did not produce a single email on December 21, 2023 despite same being listed on the June 19, 2023 subpoena.

g)  Any documents related to press releases and press conferences.

h)  Any communications by and between PFD and the police.

i)  Any communications by and between PFD and ATF.

j)  Any communications PFD had with any official, employee, or representative of the City of Philadelphia or the Commonwealth of Pennsylvania.

25.  Notably and inexplicably, PFD did not even produce or disclose **its own** fire marshal's findings as to the cause of the fire or any notes and documents created by the fire marshal's office.  This is discussed below.

26.  As to the ATF documents in the possession of PFD, ATF and PFD have cited what they call an "agreement" between ATF and PFD dated January 10, 2022 as the basis for PFD not providing ATF's documents.

27.  The January 10, 2022 "agreement" is fully memorialized in the letter below:

## V.    PHA'S ATTEMPTS TO RESOLVE THE PRESENT DISPUTE

28.    In addition to the numerous attempts by PHA to obtain a response from PFD to the June 19, 2023 subpoena between June 2023 and November 2023, following the December 21, 2023 response PHA attempted to obtain the withheld and/or non-disclosed materials and obtain a privilege log from the PFD.

29.    On January 10, 2024, PHA's Counsel sent a letter to PFD's Counsel requesting a full privilege log for the December 21, 2023 response:

**Re:    Graham vs. Philadelphia Housing Authority, et al**
**CCP Philadelphia Co. No. 230301653**

Dear Mr. Pomager:

Following your letter of December 21, 2023, please provide a privilege log regarding all materials withheld by the Philadelphia Fire Department in the production and the basis for the withholding. Please provide within seven (7) days of the date of this letter. Thank you for your time and if you have any questions please contact me.

30.    On January 11, 2024, PFD's Counsel responded that PFD would not provide a privilege log and that providing a privilege log created an "unnecessary burden" on PFD:

From: Andrew Pomager <Andrew.Pomager@Phila.gov>
Sent: Thursday, January 11, 2024 10:32 PM
To: Darlington, Chester <chester.darlington@klevisrub.com>
Cc: Sherrell Dandy <Sherrell.Dandy@klinespecter.com>; aaron.dunbar@klinespecter.com; tom.kline@klinespecter.com; Frank Mangiaracina <Frank.Mangiaracina@klinespecter.com>; Janiczek, Lee <Lee.Janiczek@lewisbrisbois.com>; Lewis, Myra <Myra.Lewis@lewisbrisbois.com>; Heller, James H. <JHeller@cozen.com>; Kelly, Ryan <RKelly@cozen.com>; Flax, Jillian T. <JFlax@cozen.com>; Jordan Strokovsky <jordan@arcbanafterinjury.com>; Ian Gallo <igallo@thetownlaw.com>; abenedict@hbclawfirm.com; Joanne R. Rubinsohn <jrubinsohn@bbclawfirm.com>; Parker, Viveca (USAPAE) <Viveca.Parker@usdoj.gov>
Subject: [EXT] RE: 869 N. 23rd St /Graham v. PHA

Chet:

My obligations in this regard are met. My 12/21/23 letter describes the records in question. I indicated in that letter that my prior opposition filed on 11/29/23 explains the basis for non-production, which remains the case. Both are reattached here. If you have specific questions about the records, I will consider addressing them to the extent it does not create an unnecessary burden on me and my client; but if we are just heading back to a discovery motion, I think the question the court needs to address is pretty clear.

Thanks,

Andrew Pomager
Div. Deputy City Solicitor
Philadelphia Law Department
C: 215-341-3432
andrew.pomager@phila.gov

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

31.     PFD's Counsel's position that PFD does not have to provide a privilege log is in violation to the discovery order by agreement whereby PFD agreed to "provide a privilege log if so demanded."

32.     PFD had not provided any reason or justification as to why it will not comply with the Court Order (that PFD drafted and which PHA relied on in resolving the first motion to compel).

33.     PFD is in violation of a Court Order to provide a privilege log upon request.

34.     It appears that PFD impermissibly induced PHA to resolve the prior motion practice as evidenced by PFD now failing to fulfill its discovery agreement to provide a privilege log upon request.

35.     It should be noted that PHA's Counsel, in the spirt of professionalism, allowed PFD to provide the privilege log later because of the upcoming holidays.   When PHA's Counsel requested the privilege log on January 10, 2024, PFD's Counsel stated PFD would not provide one.

36.     On January 12, 2024, PHA's Counsel continued to try to resolve the dispute without court intervention and sent the following email to PFD's Counsel:



37.     Instead of complying with a Court Order, PFD's Counsel responded that it would not supplement or provide additional information:

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724



38.   PHA's Counsel also wrote on January 12, 2024 to PFD's counsel as to the PFD documents that PFD omitted that were not from ATF:



39.   PFD's attorney responded claiming that PFD conducted no investigation of the fire and claimed that he needed to check with his client at PFD to see if the PFD wrote any emails related to the fire (again, PFD did not produce any emails on December 21, 2023):



Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

40.     It is simply not believable the PFD did not author or receive a single email related to the fire on January 5, 2022.

41.     An internal police document produced by PFD on December 21, 2023, and in the possession of PFD is further evidence that PFD emails must exist.   The police apparently conducted an internal review of the 911 phone calls and PFD response time on January 5, 2022 and provided it to the PFD.   The internal review by the police apparently found that there may have been an issue when 911 contacted "rescue" and "rescue rang for almost two min."  The police review stated, in part:

1/5/2022¶

869·N·23ᴿᴰ·ST¶

DC·#22·09·000387¶

¶

6:36:28·AM,·FIRST·CALL·RECEIVED·FOR·8·PEOPLE·TRAPPED·INSIDE·HOME.¶

6:37:19·AM,·2ᴺᴰ·CALL·RECEIVED·FOR·PEOPLE·TRAPPED·INSIDE·HOME,·RESCUE·RANG·FOR·ALMOST·TWO· MIN.¶

6:38:11·AM,·3ᴿᴰ·CALL·RECEIVED·FOR·PEOPLE·TRAPPED·INSIDE·A·HOME.¶

6:38:39·AM,·4ᵀᴴ·CALL·RECEIVED·FOR·A·HOUSE·FIRE.¶

6:38:45·AM,·5ᵀᴴ·CALL·RECEIVED·FOR·HOUSE·FIRE.¶

6:39:06·AM,·6ᵀᴴ·CALL·RECEIVED,·NO·ONE·HEARD·SPEAKING,·CALL·ENTERED.·CCI·FOR·FIRE.¶

6:39:28·AM,·7ᵀᴴ·CALL·RECEIVED·FOR·HOUSE·FIRE¶


DURING·THE·TIME·THAT·CALLS·WERE·RECEIVED·FOR·THE·LOCAL·PEOPLE·TRAPPED,·THERE·WERE·SIX· CALL·TAKERS·ASSIGNED·TO·THE·PHONE·ROOM.·ALL·CALL·TAKERS·REMAINED·AVAILABLE·FOR·CALLS··· RELATED·TO·THE·ABOVE·INCIDENT·AND·OTHER·CALLS·COMING·THROUGH·THAT·INCLUDED·HOSPITAL· CASES,·FIRE·ALARMS,·AUTO·ACCIDENTS·AND··THREE·HANG·UPS.·¶

6:38:35·AM,·RPC·901·AND·921·DISPATCHED·TO·THE·LOCAL·PEOPLE·TRAPPED.¶

The above police review shows that the first call to 911 came at 6:36.28 am, and dispatch occurred at 6:38.35 am (2 minutes and 7 seconds later) after rescue ringing for almost two minutes.  It is very reasonable to assume that emails exist at PFD regarding this document, including how the document was provided to PFD.  A document of this potential importance regarding a two minute

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

time elapse to dispatch was not created in a vacuum.  The document was likely provided via email to PFD and disseminated at PFD via email.  The fact that PFD has not produced the emails is impermissible and inexplicable.

42.     PFD's representations as to the fire marshal are demonstrably incorrect based on the contents of the police file that PHA received via subpoena in the early fall of 2023.  This is shown by a document titled "Fire Investigation Report" **authored by PFD** and produced by the police in September 2023 in response to subpoena.  The PFD document provided by the police is as follows and was **not** produced by PFD on December 21, 2023:

43.     Notably, the PFD document above further states **"[a] _joint_ investigation was then conducted with the ATF.   The scene was documented and photographs were taken."** (emphasis added).

44.     PFD impermissibly did not produce or disclose its own fire marshal's report above in its December 21, 2023 response to subpoena and then when asked by PHA's counsel as to the existence of any such documents PFD (arguably misleadingly) claimed that the fire marshal's office "did not conduct a C&O investigation independent of the ATF's so there are no reports/evidence duplicative of that ATF investigation." The document above is inconsistent with PFD's representations.

## V.     PFD HAS NOT ASSERTED ANY OBJECTIONS OTHER THAN ITS "ATF OBJECTION"

45.     PFD has failed to fully respond to the subpoena including all the areas set forth in paragraph 14 above.  PFD did not disclose what it withheld.

46.     PFD has not objected based on relevance or burden or provided any similar objections.

## VI.     PFD IS REQUIRED TO PROVIDE A PRIVILEGE LOG

47.     In November 2023, PFD agreed per Court Order to provide a privilege log of all documents it was withholding on request from PHA.  PFD is violating its prior agreement and a Court Order by not providing a privilege log.

## VII.     PFD'S "ATF OBJECTION" IS LEGALLY INVALID FOR NUMEROUS REASONS

48.     The only "objection" that PFD asserted in its December 21, 2023 response is based on the ATF "agreement" contained in the letter from ATF to PFD dated January 10, 2022.  PFD has not asserted any other objections.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

49.     PFD's "ATF Objection" is legally invalid for numerous reasons as averred below and in no particular order:

a)      PFD has engaged in selective waiver.  On December 21, 2023, PFD produced a summary of the interview of Howard Robinson, a plaintiff, written by ATF.  By doing so PFD has engaged in selective waiver which bars its assertion that the remainder of ATF's documents in its possession are protected.  Under the law and the doctrine of selective waiver PFD cannot selectively produce some ATF documents but not others.

b)      When ATF produced materials to PFD, a third party outside of ATF and the outside of the federal government, ATF waived any statutory/regulatory based confidentiality or statutory/regulatory exemption from disclosure afforded to ATF under federal law.  ATF also relinquished its ability to control dissemination of the documents.

c)      Despite requests, PFD has not provided any law or legal citation supporting its position that it is barred from producing ATF's documents in its possession.

d)      The January 10, 2022 letter "agreement" cited by PFD does not on its face apply to the present lawsuits and subpoena duces tecum.  The terms of the letter are limited and do not apply herein.

e)      The ATF investigation is closed (as of the summer of 2022) thus the January 10, 2022 "agreement" is null and void when the investigation closed.  There are presently no open investigations as to the fire.

f)      PFD has overly asserted the scope of the January 10, 2022 letter "agreement."  That letter only applies to ATF's *own* documents or documents provided by ATF to PFD.  The "agreement" does not apply to any PFD document that discusses ATF or incorporates ATF documents.

g)      There are no Pennsylvania state privileges or exemptions that apply to the PFD file(s), documents, and emails that related to the fire on January 5, 2022.

h)      PFD's alleged "agreement" with ATF does not override Pennsylvania state law regarding discovery.

i)      Any asserted privileges or exemptions that may apply to ATF do not apply and/or "carry over" to PFD as a Pennsylvania municipal entity.  To do so would violate principles of federalism, state sovereignty, separation of powers, and the violate the United States and Pennsylvania Constitutions.

j)      ATF cannot contractually extend any privileges or exemptions it may have under federal law to a Pennsylvania municipal entity such as a fire department.

Moreover, even if there was an "agreement" the agreement did not extend beyond when ATF closed its investigation in the summer of 2022.

k)      To the extent that PFD is claiming that PFD falls under ATF's federal rules it should be noted that the federal courts recognize -in federal court only - a limited "law enforcement privilege" while a criminal investigation **is open**. Rosser v. City of Phila., 2005 U.S. Dist. LEXIS 19627, at *3 (E.D. Pa. 2005).   However, the federal privilege does **not** apply in state court. Commonwealth v. Kauffman, 413 Pa. Super. 527, 534, 605 A.2d 1243, 1246 (1992). Moreover, once the investigation is completed the privilege **is moot** and cannot bar discovery in subsequent civil litigation. Id.; Startzell v. City of Phila., 2006 U.S. Dist. LEXIS 74579, at *15 (E.D. Pa. 2006).

l)      A Pennsylvania state fire department's records are not the type of records that are protected by the federal "law enforcement privilege."

m)      PFD has not provided any authority that it is allowed to withhold highly relevant and discoverable documents based on a purported "agreement" it had with ATF.

n)      Other than the vague "ATF Privilege,"  PFD has not asserted any other privilege or basis for the withholding of the documents.

o)      The purported "agreement" between ATF and PFD is so vague, ambiguous, and confusing that it is not enforceable.

p)  A municipal fire department's file regarding the investigation of a fire is not privileged or protected from discovery under Pennsylvania law or otherwise exempted from full disclosure. Azen v. Lampenfield, 18 D. & C.3d 574, 574 (Allegheny Co. 1981) (Wettick, J.).

q)  PFD cannot use the cover of a concurrent or parallel investigation of the fire by ATF to not produce its own investigative documents, file(s), and findings.

## VIII.   PFD'S WITHHELD MATERIALS ARE VITAL TO THE ISSUES AND DEFENSE OF THE LAWSUITS

50.      It must be noted that PFD and ATF took exclusive control of the fire site after the fire and investigated as to the cause and origin of the fire.

51.      Since PFD and ATF took exclusive control of investigating the fire, questions are now raised as to why PFD will not produce records related to the fire including all records related to the cause and origin investigation.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

52.     PFD's refusal to fully comply with the June 19, 2023 subpoena is prejudicial.  For example, among other things, it is alleged in the pleadings and reported in the media that the subject property did not have working smoke detectors.  It was reported in the media that fire responders did not hear smoke detectors upon arrival.  These allegations have not been developed or confirmed in discovery.  As such, PHA issued the June 19, 2023 subpoena to PFD.

53.     Upon information and belief, ATF and/or PFD found **six smoke detectors** from Unit B (the unit where the fire started).  Upon information and belief ATF and/or PFD found **four detectors in drawers in Unit B**.  Two smoke detectors were apparently found on the ceilings in Unit B in two separate bedrooms (bedrooms 3 and 4).  A pee below, photographs were taken which have not been produced by PFD:

**NARRATIVE:**

1.     On January 9, 2022, ATF Task Force Members recovered evidence from 869 N. 23rd Street in Philadelphia, Pennsylvania.  ATF Special Agent [(b)(6)(b)(7)(C)] took the following items into evidence.

iii.  One fire damaged smoke detector, located in the kitchen, in the middle of the base cabinet drawer farthest to the left when facing the kitchen, documented as exhibit 16.

iv.  One fire damaged smoke detector cover, located in the kitchen, in the back of the base cabinet drawer farthest to the left when facing the kitchen, documented as exhibit 17.

v.  One smoke detector without cover, located in the kitchen, in the back of the base cabinet drawer farthest to the left when facing the kitchen, documented as exhibit 18.

vi.  One fire damaged smoke detector, located in the third-floor front bedroom, in the top drawer of a cabinet located on the west wall between the window, documented as exhibit 19.

2.     All items above were photographed prior to and during the recovery.  All items were placed in brown paper bags and brought to the ATF Office in Philadelphia and processed by SA/Certified Fire Investigator (CFI) [(b)(6)(b)(7)(C)] [(b)(6)(b)(7)(C)]

Item 12 – smoke detector recovered from the ceiling of Bedroom #4, 3rd floor

Item 13 – remnants of smoke detector recovered from the floor of Bedroom #3, 3rd floor

54.     The ATF evidence log, photographs of the smoke detectors, and chain of possession of the detectors are extremely vital to the case and PHA's defense of the allegations regarding insufficient smoke detectors.

55.     PFD's conduct is extremely prejudicial to PHA's ability to discover facts as to the smoke detectors, including facts that are inconsistent with the pleadings and reports in the media.

56.     The vital importance of the records in PFD's possession that have not been produced is further demonstrated by the following.  The ATF interview of Howard Robinson (which PFD produced on December 21, 2023 and which constitutes selective waiver over the remainder of the ATF records) contains the following statement by ATF, **which is inconsistent with the pleadings and media reports that smoke detectors were insufficient or not working** (in part):

**SUMMARY OF EVENT:**

INTERVIEW: On January 6, 2022, Investigators from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and the Philadelphia Police Department (PPD) interviewed Howard Robinson at Temple University Hospital in Philadelphia, Pennsylvania.

~~on January 6, 2022.  On January 6, 2022,~~ Mr. Robinson told Detectives he was inside 869 North 23 Street at the time of the fire and escaped through a third story window. Mr. Robinson recalled waking up early and seeing his girlfriend Roselee McDonald eating Popeye's chicken that was ordered the previous night. Mr. Robinson said the kids were running around at approximately 6:00 a.m. and decided to go back to bed. Mr. Robinson was woken up around 6:30 a.m. by a large commotion from the living room.  When Mr. Robinson

5.     Mr. Robinson recalled seeing other family members decorating a Christmas tree in mid-December. He believed they brought the tree in right before he went into the hospital, which was around December 13, 2021. Mr. Robinson stated they got the tree from a "neighbor across the street, probably when the neighbor put it to the curb."

4.     Mr. Robinson believed the smoke detectors were operational. Mr. Robinson recalled a government official coming to the apartment because the children were not showing up at school. Mr. Robinson recalled them talking about the children and also doing an inspection of the property.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

6.    Mr. Robinson said there was easy access to lighters and marches in the apartment.  There were candles and incense.  Mr. Robinson could not recall specific colors, sizes, or shapes of any lighters or matches.

PHA has a right to discover all facts in the possession of PFD related to this ATF statement, the condition of what appears to be a very old and dry tree, the activities that morning in the apartment, who was watching the children, and what was found by the authorities at the property as to the smoke detectors.  PFD's conduct is inhibiting PHA's right to fully defend the lawsuits.

57.    PFD's failure to produce information on the six smoke detectors found in Unit B, including where they were found and in their organic condition, is highly prejudicial to PHA in the defense of the lawsuits.

58.    Upon information and belief, the authorities recovered materials related to alleged lighter remains.  Among other things, it is alleged in the pleadings and reported in the media that at lighter manufactured by BIC or Enor started the fire.  PFD's failure to produce all related information, including photographs of where the remains were found and in their organic observable condition, is highly prejudicial to PHA in the defense of the lawsuits.

59.    Notably, PFD's December 21, 2023 cover letter admits that PFD has vital information that it is intentionally withholding as to how the fire started, including information as to the location of recovered smoke detectors and lighters.  Remarkably and in a needlessly adversarial manner, PFD states that it will not produce this information to PHA.

60.    The following withheld materials by PFD are extremely vital to the allegations in the lawsuits and the failure to produce his highly prejudicial to PHA:

    a)  "2,390 photographs." Presumably, this includes the evidence that ATF/PFD took from the property and how they found the evidence after the fire.

    b)  "29 Report of investigation, documenting ATF investigative steps including 18 constituting a record of an interview."

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

c) "The ATF Evidence Log, and related records."

d) "3D tour of the property.... and hundreds of image files that support that software."

e) "A number of video models of the property apparently predicting fire, etc. propagation."

61.     Following the suggestion in PFD's December 21, 2023 letter that PHA should direct any questions to ATF, PHA and all counsel in the lawsuits had a call with ATF's Counsel on January 9, 2024.  At that time counsel for ATF indicated that ATF would not produce the documents.  When asked for a reason, ATF's Counsel stated that she did not have to provide a reason other than that non-disclosure "was in the best interests of ATF" and within the "discretion" of the ATF Director.  ATF's Counsel would not provide any further reason or explanation despite numerous requests for same.

62.     PFD should provide a full response to the June 19, 2023 subpoena because the evidence is of an extremely important public interest.  The withheld documents involve facts regarding the circumstances of the fire of January 5, 2022 that are in the exclusive possession of PFD.  There are several pending lawsuits which require the documents and PHA is a defendant in those proceedings.  All official investigations are closed and have been closed since the summer of 2022.  If there is any personal information of the investigators, PHA is open to a reasonable redaction or protective order.  Lastly, PFD will not be prejudiced by the production.

63.     The outstanding records are required for PHA to properly prepare its defense and PHA will be severely prejudiced if the subpoena is not fully enforced.

64.     PHA requests an Order of this Court compelling PFD to produce a full and complete response to the June 19, 2023 subpoena within ten (10) days.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

65.     PHA has made a good faith attempt to resolve this dispute to no avail as demonstrated by the communications averred above.

**WHEREFORE,** Defendant Philadelphia Housing Authority respectfully requests that this Honorable Court enter an Order compelling the Philadelphia Fire Department to fully and completely respond to the June 19, 2023 subpoena and produce all responsive documents and materials within ten (10) days.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Date: January 16, 2024                By:     _/s/ Chester F. Darlington_
                                      Lee Janiczek, Esq.
                                      Chester F. Darlington, Esq.

                                      Attorneys for Defendant
                                      Philadelphia Housing Authority

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

**LEWIS BRISBOIS BISGAARD & SMIITH LLP**
BY:   Lee Janiczek, Esq.
        Chester F. Darlington, Esq.
I.D. Nos. 68433/79070
550 E. Swedesford Road, Suite 270
Wayne, PA  19087
(215) 977-4100 telephone
(215) 977-4101 facsimile
Lee.Janiczek@lewisbrisbois.com
Chester.Darlington@lewisbrisbois.com

Attorneys for Defendant
Philadelphia Housing Authority

| | | |
|---|---|---|
| BEVERLY GRAHAM, administratrix of the ESTATE OF QUINTIEN TATE-MCDONALD, deceased | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| vs. | : | MARCH TERM 2023, NO. 01653 |
| PHILADELPHIA HOUSING AUTHORITY and ENOR INTERNATIONAL, INC. d/b/a TECHNO TORCH | : | |
| vs. | : | |
| BIC USA, INC. and BIC CORPORATION d/b/a BIC, INC. d/b/a BIC d/b/a BIC USA INC. | : | |

### DEFENDANT PHILADELPHIA HOUSING AUTHORITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL AND ENFORCE SUBPOENA DATED JUNE 19, 2023 AGAINST PHILADELPHIA FIRE DEPARTMENT

Defendant Philadelphia Housing Authority incorporates by reference the averments in its Motion to Compel and Enforce Subpoena as if set forth fully at length herein. Defendant Philadelphia Housing Authority respectfully requests that this Honorable Court enter an Order compelling the Philadelphia Fire Department to produce the required documents within ten (10) days of the date of this Order.

134595005.1

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Date: January 16, 2024

By:   */s/ Chester F. Darlington*
Lee Janiczek, Esq.
Chester F. Darlington, Esq.

Attorneys for Defendant
Philadelphia Housing Authority

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
BY:    Lee Janiczek, Esq.
       Chester F. Darlington, Esq.
I.D. Nos. 68433/79070
550 E. Swedesford Road, Suite 270
Wayne, PA  19087
(215) 977-4100 telephone
(215) 977-4101 facsimile
Lee.Janiczek@lewisbrisbois.com
Chester.Darlington@lewisbrisbois.com

Attorneys for Defendant
Philadelphia Housing Authority

|  |  |
|---|---|
| BEVERLY GRAHAM, administratrix of the ESTATE OF QUINTIEN TATE-MCDONALD, deceased | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| vs. | MARCH TERM 2023, NO. 01653 |
| PHILADELPHIA HOUSING AUTHORITY and ENOR INTERNATIONAL, INC. d/b/a TECHNO TORCH | |
| vs. | |
| BIC USA, INC. and BIC CORPORATION d/b/a BIC, INC. d/b/a BIC d/b/a BIC USA INC. | |

## ATTORNEY CERTIFICATION OF GOOD FAITH

Pursuant to Phila. Civ. R. *208(e), the undersigned counsel hereby certifies and attests

that he has made a good faith but unsuccessful effort described below to contact opposing counsel

or unrepresented party in an effort to resolve the discovery dispute.

Description: See numerous communications averred in the Motion.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Date: January 16, 2024

By:    /s/ *Chester F. Darlington*
       Lee Janiczek, Esq.
       Chester F. Darlington, Esq.

       Attorneys for Defendant
       Philadelphia Housing Authority

134595005.1

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
BY:    Lee Janiczek, Esq.
          Chester F. Darlington, Esq.
I.D. Nos. 68433/79070
550 E. Swedesford Road, Suite 270
Wayne, PA  19087
(215) 977-4100 telephone
(215) 977-4101 facsimile
Lee.Janiczek@lewisbrisbois.com
Chester.Darlington@lewisbrisbois.com

Attorneys for Defendant
Philadelphia Housing Authority

| | |
|---|---|
| BEVERLY GRAHAM, administratrix of the ESTATE OF QUINTIEN TATE-MCDONALD, deceased | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| vs. | MARCH TERM 2023, NO. 01653 |
| PHILADELPHIA HOUSING AUTHORITY and ENOR INTERNATIONAL, INC. d/b/a TECHNO TORCH | |
| vs. | |
| BIC USA, INC. and BIC CORPORATION d/b/a BIC, INC. d/b/a BIC d/b/a BIC USA INC. | |

## NOTICE OF PRESENTATION

TO:    Philadelphia Fire Department
          c/o Andrew Pomager, Esq.

**PLEASE TAKE NOTICE,** that Defendant Philadelphia Housing Authority's Motion to

Enforce and to Compel will be presented to the Court as stated in the e-notice.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

Date: January 16, 2024          BY:    s/ *Chester Darlington*
                                                   Lee Janiczek, Esq.
                                                   Chester F. Darlington, Esq.

                                                   Attorneys for Defendant
                                                   Philadelphia Housing Authority

134595005.1

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

## CERTIFICATE OF SERVICE

I, Chester F. Darlington, Esquire, hereby certify that I caused a true and correct copy of the foregoing Motion to Enforce Subpoena to be filed on this date via the Court's E-Filing System and thereby deemed served on all counsel of record.  I have also served this Motion on the following as to PFD:

Andrew Pomager, Esq.
City of Philadelphia, Law Department
1515 Arch Street
Philadelphia, PA 19102
via email: andrew.pomager@phila.gov

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Date: January 16, 2024        By:    */s/ Chester F. Darlington*
                                    Lee Janiczek, Esq.
                                    Chester F. Darlington, Esq.

                                    Attorneys for Defendant
                                    Philadelphia Housing Authority

134595005 1 2

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

# EXHIBIT "A"

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724



**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Chester F. Darlington, Jr.
550 E. Swedesford Road, Suite 270
Wayne, Pennsylvania 19087
Chester.Darlington@lewisbrisbois.com
Direct: 215.977.4068

June 20, 2023

**VIA US CERTIFIED MAIL:**
Custodian of Records
Deputy Chief Dennis Merrigan
Philadelphia Fire Department
3061 Island Avenue
Philadelphia, PA 19153

Re:     **Beverly Graham, et al. v. Philadelphia Housing Authority, et al.**
          **Court of Common Pleas, Philadelphia County (PA)**
          **March 2023 Term, Docket No. 01653**
          **Our File No.:  27796.42**

Dear Custodian:

Please be advised that our firm represents the interests of Defendant, Philadelphia Housing Authority, in the above-referenced matter. Enclosed please find a Subpoena to Produce Documents for certified copies of any and all records in your possession, as set forth in the Subpoena. The Subpoena requires that you produce the records within twenty (20) days of receipt of the Subpoena. A copy of the Certificate Prerequisite to Service of Subpoena is enclosed as well.

At the time of production of the requested documents: please have your Records Custodian certify same as "true and correct copies" with the enclosed Certificate of Authenticity. **Please note: records are NOT complete without a signed Certificate of Authenticity.**

Please note that the enclosed Subpoena was submitted to the City's Law Department for pre-approval. A copy of the City's Email correspondence approving the Subpoena as to form is enclosed as well.

By copy of this letter, all counsel have been notified of the service of this Subpoena for records.

If you have any questions, please do not hesitate to contact me. Thank you for your assistance.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

Page 2

Very truly yours,

/s/ *Chester F. Darlington, Jr.*

Chester F. Darlington, Jr. for
LEWIS BRISBOIS BISGAARD & SMITH LLP

Enc. (as listed above)
cc: Thomas R. Kline, Esquire
    Aaron I Dunbar, Esquire
    Sherrell Dandy, Esquire
    Frank Mangiaracina, Esquire
    Andrew R. Benedict, Esquire
    Joanne R. Rubinsohn, Esquire

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

| | |
|---|---|
| BEVERLY GRAHAM, administratrix of the<br>ESTATE OF QUINTIEN TATE-MCDONALD,<br>deceased | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | MARCH TERM 2023, NO. 01653 |
| PHILADELPHIA HOUSING AUTHORITY<br>and ENOR INTERNATIONAL, INC. d/b/a<br>TECHNO TORCH | |

## <u>CERTIFICATE OF AUTHENTICITY</u>

Philadelphia Fire Department

    I am the Custodian of Records for the above-named entity.

    I hereby declare under penalty of perjury under the laws of the United States of America that a thorough search of our files was made in answer to the Records Authorization attached hereto, and that the documents provided herein represent a full and complete response to the documents requested in the aforesaid Authorization.

    I further declare under penalty of perjury under the laws of the United States of America that the attached documents are true and correct copies of the originals retained by our office.

_____        _____

**SIGNATURE**      **PRINT NAME**

_____        _____

**TITLE**      **DATE**

125101863.1

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

Court of Common Pleas

TATE-MCDONALD, DECEASED ETAL VS PHILADELPHIA HOUSI

_____ March _____ Term, _23___

No._____01653_____

## Subpoena to Produce Documents or Things
## for Discovery Pursuant to Rule 4009.22

TO: _PHILADELPHIA FIRE DEPARTMENT_____
*(Name of Person or Entity)*

Within twenty (20) days after the service of this subpoena, you are ordered by the Court to produce the following documents or things:

SEE ATTACHED RIDER.

at: _Lewis Brisbois 550 E. Swedesford Rd. Ste. 270 Wayne PA 19087_____
*(Address)*

You may deliver or mail legible copies of the documents or produce things requested by this subpoena, together with the certificate of compliance, to the party making this request at the address listed above.  You have the right to seek in advance the reasonable cost of preparing the copies or producing the things sought.

If you fail to produce the documents or things required by this subpoena within twenty (20) days after its service, the party serving this subpoena may seek a court order compelling you to comply with it.

**This subpoena was issued at the request of the following person:**

Date: June 19, 2023

Name:   Darlington, Chester F

Address:
        Lewis Brisbois Bisgaard Smith
        550 E Swedesford Rd
        Suite 270

Telephone:   215 977-4068

Supreme Court ID#: 79070

Attorney for:   Defendant



Subp.#228708287-1

**BY THE COURT:**
**Eric Feder**
**Deputy Court Administrator**
**Director, Office of Judicial Records**

You may contact the Office of Judicial Records
to verify that this subpoena was issued by the
Philadelphia County Court of Common Pleas.
Phone: (215) 686-6652  or Email: OJRCivil@courts.phila.gov

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724



**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF PHILADELPHIA**

TATE-MCDONALD, DECEASED ETAL VS PHILADELPHIA HOUSI

Court of Common Pleas

_____ March _____ Term, _23_

No. _____01653_____

TO: _PHILADELPHIA FIRE DEPARTMENT_____
*(Person served with subpoena)*

You are required to complete the following Certificate of Compliance with producing documents or things pursuant to the Subpoena.  Send the documents or things, along with the Certificate of Compliance (with your original signature), to the person at whose request the subpoena was issued.

***Do not send the documents or things,***
***or the Certificate of Compliance,***
***to the Office of Judicial Records.***

# Certificate of Compliance with Subpoena to Produce Documents or Things Pursuant to Rule 4009.23

I, _____
*(Person served with subpoena)*

certify to the best of my knowledge, information and belief that all documents or things required to be

produced pursuant to the subpoena issued on _____ have

been produced.                                                    *(Date of Subpoena)*

Date: _____          _____
                                   *(Signature of Person Served with Subpoena)*

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

**RIDER TO SUBPOENA**

To:     Philadelphia Fire Department
        240 Spring Garden Street
        Philadelphia, PA 19123

Definitions:

"Document" or "documents" includes any written, printed, copied, imaged, scanned, recorded, electronic, or graphic material, however produced or reproduced including, but not limited to, the original or any copies of records, declarations, affidavits, press releases, files, folders, reports, transcripts, evaluations, audio or videotape record, video or movie tapes, photographs, images, films, negatives, correspondence, letters, memoranda, facsimiles, notes, contracts, agreements, notices, charts, diagrams, drawings, sketches, depictions, blueprints, forms, estimates, proposals, court filings, leases, bills, invoices, receipts, statements, logs, journals, writings, emails, text messages, instant messages, direct messages, electronic communications, posts, internet posts, social media posts and communications, posts and communications on Facebook, posts and communications on Instagram, posts and communications on Pinterest, posts and communications on Snapchat, posts and communications on Twitter, posts and communications on any message board, written communications, articles, publications, telegrams and cables, notes of oral or telephonic communications, diaries, schedules, calendars, releases, instructions, minutes or notes of meetings, checks, messages and preliminary versions, drafts or revisions of any of the foregoing.

"Philadelphia Fire Department" means the Philadelphia Fire Department including all employees, contractors, representatives, attorneys, agents, commissioners, officials, officers, firefighters, marshals, chiefs, lieutenants, captains, engineers, paramedics, EMTs, and investigators of the Philadelphia Police Department including any person or entity in the control of the Philadelphia Police Department.

"Relating to" or "related" or "regarding" shall refer to communications or documents, the contents of which embody, mention, describe, refer to, comment upon, record, corroborate, question, support, contradict, constitute or otherwise contain information or observations about the matter under inquiry.

"ATF" refers to the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives.

Please produce the following:

1.  The complete file(s) (paper and electronic) of the Philadelphia Fire Department relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

2.  All documents related to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022 this includes, but is not limited to, all correspondence, letters, emails,

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

text messages, statements, transcripts, memorandums, faxes, notes, writings, forms, records, reports, logs, and journals.

3. All photographs, video, and recordings relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022. This includes, but is not limited to, cell phone recordings, CCTV, security cameras, body cam, and doorbell cameras.

4. All body cam recordings, photographs, video, or audio relating to the interview of R.W., a minor, on January 5, 2022 at Children's Hospital of Philadelphia.

5. All communications and documents by and between Philadelphia Fire Department and ATF related to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

6. All reports prepared by ATF relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022 including, but not limited to, all exhibits, records, documents, and appendices. This includes, but is not limited to, any drafts.

7. All documents related to any report prepared by ATF regarding the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

8. All documents, video, and recordings related to any interview or statement of any person related to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022 including, but not limited to, Howard Robinson and R.W.

9. All documents related to any and all investigations regarding the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

10. All communications and documents by and between the Philadelphia Fire Department and the City of Philadelphia including any agency, official, representative, or department of the City of Philadelphia relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

11. All documents related to any and all 911 calls regarding the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

12. All documents regarding any evidence from 869 N. 23rd Street, Philadelphia, PA 19130.

13. All communications and documents by and between the Philadelphia Police Department and the Philadelphia Fire Department relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

14. All communications and documents by and between the Philadelphia Fire Department and any federal official, federal department or federal agency relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

15. All communications and documents by and between the Philadelphia Fire Department and the Commonwealth of Pennsylvania including any commonwealth agency or department relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

16. All documents and communications by and between the Philadelphia Fire Department and any person, investigator, attorney, law firm, or the media relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

17. All documents regarding any tests, findings, or evaluations of any evidence or materials from 869 N. 23rd Street, Philadelphia, PA 19130.

18. All filings or submissions in a court of law related to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

19. All logs and journals regarding any evidence relating to the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

20. All documents and files related to the Philadelphia Fire Marshal's Office regarding the fire at 869 N. 23rd Street, Philadelphia, PA 19130 on January 5, 2022.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

# EXHIBIT A

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
BY:     Lee Janiczek, Esq.
       Chester F. Darlington, Esq.
I.D. Nos. 68433/79070
550 E. Swedesford Road, Suite 270
Wayne, PA  19087
(215) 977-4100 telephone
(215) 977-4101 facsimile
Lee.Janiczek@lewisbrisbois.com
Chester.Darlington@lewisbrisbois.com

Attorneys for Defendant
Philadelphia Housing Authority

*Filed and Attested by the
Office of Judicial Records
20 JUN 2023 11:24 am
S. RICE*

|  |  |
|---|---|
| BEVERLY GRAHAM, administratrix of the ESTATE OF QUINTIEN TATE-MCDONALD, deceased | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| vs. | MARCH TERM 2023, NO. 01653 |
| PHILADELPHIA HOUSING AUTHORITY and ENOR INTERNATIONAL, INC. d/b/a TECHNO TORCH | |

## CERTIFICATE PREREQUISITE TO SERVICE OF SUBPOENAS PURSUANT TO RULE 4009.22

As a prerequisite to service of the Subpoenas for Documents and Things, pursuant to Rule 4009.22, the Defendant certifies that:

1.      Notices of Intent to Service Subpoena, with a copy of the proposed Subpoenas attached thereto for each respective subpoena, were served to each party at least twenty (20) days prior to the date on which the Subpoenas are sought to be served.

2.      A copy of the Notice of Intent, including the proposed Subpoenas, is attached to this certificate as Exhibit A.

3.      No objections to the Subpoenas have been received and all counsel have agreed to waiving the twenty (20) day waiting period. (See Emails attached to this Certificate as Exhibit B.)

4.      The Subpoenas which will be served are identical to the Subpoenas, which are attached to the Notice of Intent to Serve Subpoenas.

**DEPONENTS:**

- Philadelphia Fire Department
- Philadelphia Police Department

125102190.1

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

**Lewis, Brisbois, Bisgaard & Smith, LLP**

Date:   June 20, 2023          By:      /s/ *Chester F. Darlington*
                                        Lee Janiczek, Esq.
                                        Chester F. Darlington, Esq.

                                        Attorneys for Defendant
                                        Philadelphia Housing Authority

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of foregoing Certificate Prerequisite to Service Subpoenas Pursuant to Rule 4009.22 was served by Electronic Mail, upon the following counsel on the date indicated below:

Thomas R. Kline, Esquire
Aaron l. Dunbar, Esquire
Sherrell Dandy, Esquire
Frank Mangiaracina, Esquire
Kline & Specter, PC
1525 Locust Street, 18th Floor
Philadelphia, PA  19102
tom.kline@klinespecter.com
aaron.dunbar@klinespecter.com
**Attorneys for Plaintiff**

Andrew R. Benedict, Esquire
Joanne R. Rubinsohn, Esquire
BBC Law, LLP
2005 Market Street
Suite 1940
Philadelphia, PA 19103
abenedict@bbclawfirm.com
**Attorney for Defendant,**
**Enor International d/b/a**
**Techno Torch**

**Lewis, Brisbois, Bisgaard, & Smith, LLP**

Date:   June 20, 2023         By:     /s/ *Chester F. Darlington*
                                      Lee Janiczek, Esq.
                                      Chester F. Darlington, Esq.

                                      Attorneys for Defendant
                                      Philadelphia Housing Authority

125102190.1

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**     Attorneys for Defendant
BY:    Walter H. Swayze, III, Esq.                          Philadelphia Housing Authority
          Chester F. Darlington, Esq.
I.D. Nos. 59101/79070
550 E. Swedesford Road, Suite 270
Wayne, PA  19087
(215) 977-4100 telephone
(215) 977-4101 facsimile
Pete.Swayze@lewisbrisbois.com
Chester.Darlington@lewisbrisbois.com

|  |  |  |
|---|---|---|
| BEVERLY GRAHAM, administratrix of the ESTATE OF QUINTIEN TATE-MCDONALD, deceased | : : : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| vs. | : : | MARCH TERM 2023, NO. 01653 |
| PHILADELPHIA HOUSING AUTHORITY and ENOR INTERNATIONAL, INC. d/b/a TECHNO TORCH | : : : : | |

## NOTICE OF INTENT TO SERVE SUBPOENAS TO PRODUCE DOCUMENTS AND THINGS FOR DISCOVERY PURSUANT TO RULE 4009.22

TO:
Thomas R. Kline, Esquire                         Andrew R. Benedict, Esquire
Aaron l. Dunbar, Esquire                         Joanne R. Rubinsohn, Esquire
Sherrell Dandy, Esquire                           BBC Law, LLP
Frank Mangiaracina, Esquire                    2005 Market Street
Kline & Specter, PC                                  Suite 1940
1525 Locust Street, 18th Floor                 Philadelphia, PA 19103
Philadelphia, PA  19102                           abenedict@bbclawfirm.com
tom.kline@klinespecter.com                    **Attorney for Defendant,**
aaron.dunbar@klinespecter.com              **Enor International d/b/a**
**Attorneys for Plaintiff**                          **Techno Torch**


          Defendant intends to serve Subpoenas identical to the ones attached to this notice on the

following entities

- Philadelphia Fire Department
- Philadelphia Police Department


Certification Due Date: 01/23/2024
                                                                       Response Date: 01/30/2024
                                                                       Case ID: 230301653
                                                                       Control No.: 24012724

You have twenty (20) days from the date listed below in which to file of record and serve upon the undersigned an objection to the Subpoenas.  If no objection is made, the Subpoenas will be served.

**Lewis, Brisbois, Bisgaard & Smith, LLP**

Date:   June 6, 2023                    By:      /s/ *Chester F. Darlington*
                                                            Walter H. Swayze, III, Esq.
                                                            Chester F. Darlington, Esq.

                                                            Attorneys for Defendant
                                                            Philadelphia Housing Authority

125100564.1

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a true and correct copy of foregoing Notice of Intent to Serve Subpoenas to Produce Documents and Things for Discovery Pursuant to Rule 4009.22 was served by Electronic Mail, upon the following counsel on the date indicated below:

Thomas R. Kline, Esquire
Aaron l. Dunbar, Esquire
Sherrell Dandy, Esquire
Frank Mangiaracina, Esquire
Kline & Specter, PC
1525 Locust Street, 18th Floor
Philadelphia, PA  19102
tom.kline@klinespecter.com
aaron.dunbar@klinespecter.com
**Attorneys for Plaintiff**

Andrew R. Benedict, Esquire
Joanne R. Rubinsohn, Esquire
BBC Law, LLP
2005 Market Street
Suite 1940
Philadelphia, PA 19103
abenedict@bbclawfirm.com
**Attorney for Defendant,**
**Enor International d/b/a**
**Techno Torch**

**Lewis, Brisbois, Bisgaard, & Smith, LLP**

Date:   June 6, 2023        By:    /s/ *Chester F. Darlington*
Walter H. Swayze, III, Esq.
Chester F. Darlington, Esq.

Attorneys for Defendant
Philadelphia Housing Authority

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

125100564.1

# EXHIBIT B

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

| From: | Joanne R. Rubinsohn |
|---|---|
| To: | Roberson, Robert; tom.kline@klinespecter.com; aaron.dunbar@klinespecter.com; Sherrell Dandy; Andrew R. Benedict |
| Cc: | Darlington, Chester; Lewis, Myra; Janiczek, Lee; Brewster, Gretchen; kevin@minceyfitzross.com; jordan@actionafterinjury.com; matt@actionafterinjury.com |
| Subject: | [EXT] RE: 869 N. 2rd Street - Subpoenas |
| Date: | Wednesday, June 7, 2023 12:26:54 PM |
| Attachments: | image001.png |
| | image002.png |
| | linkedinlogobottomsig_9b45f492-1f5f-4094-84b3-33536d31462e.png |
| | linkedinlogobottomsig_f20c255d-0e25-40cc-bd1a-cefaae3f2301.png |



Good morning,

We are in agreement to waive the 20-day period.

Thanks,
Joanne

**Joanne R. Rubinsohn**
Partner

T:  267-699-3852
M: 610-420-3032
jrubinsohn@bbclawfirm.com

BBC Law, LLP
2005 Market Street, Suite 1940, Philadelphia, PA, 19103

NEW JERSEY | NEW YORK
PENNSYLVANIA | WEST VIRGINIA    bbclawfirm.com | Main: 215-977-4133 | Fax: 866-368-5234

This e-mail contains information that may be confidential and/or privileged and is intended only for the use of the owner of the e-mail address listed as the recipient of this message. If you are not the intended recipient, you may not copy, disclose or use any contents in this e-mail. If you have received this e-mail in error, please notify the sender by return e-mail and by telephone at 215.977.4133

**From:** Roberson, Robert <Robert.Roberson@lewisbrisbois.com>
**Sent:** Tuesday, June 6, 2023 5:40 PM
**To:** tom.kline@klinespecter.com; aaron.dunbar@klinespecter.com; Sherrell Dandy <Sherrell.Dandy@klinespecter.com>; Andrew R. Benedict <abenedict@bbclawfirm.com>; Joanne R. Rubinsohn <jrubinsohn@bbclawfirm.com>
**Cc:** Darlington, Chester <Chester.Darlington@lewisbrisbois.com>; Lewis, Myra <Myra.Lewis@lewisbrisbois.com>; Janiczek, Lee <Lee.Janiczek@lewisbrisbois.com>; Brewster, Gretchen <Gretchen.Brewster@lewisbrisbois.com>; kevin@minceyfitzross.com; jordan@actionafterinjury.com; matt@actionafterinjury.com
**Subject:** 869 N. 2rd Street - Subpoenas

***External Email***

Dear counsel,

Attached please find correspondence regarding above-referenced matter. Also attached please find a Notice of Intent, a proposed Waiver of the 20 Day Waiting Period, and the attached Subpoenas directed to: 1) the Philadelphia Police Department; and 2) the Philadelphia Fire Department.
If you are in agreement, please sign the 20-day waiver and return to our office, at your earliest convenience, or send an email confirming that you are in agreement to waive the 20-day waiting period.
Thank you,



**Robert Roberson**
Paralegal
Robert.Roberson@lewisbrisbois.com

**T:** 215.253.4998  **F:** 215.977.4101

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

550 E. Swedesford Road, Suite 270, Wayne, PA 19087  |  LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.



**Robert Roberson**
**Paralegal**
Robert.Roberson@lewisbrisbois.com

**T: 215.253.4998 F: 215.977.4101**

550 E. Swedesford Road, Suite 270, Wayne, PA 19087 |  LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

| From: | Aaron Dunbar |
|---|---|
| To: | Roberson, Robert |
| Cc: | Sherrell Dandy; Frank Mangiaracina |
| Subject: | [EXT] RE: 869 N. 2rd Street - Subpoenas |
| Date: | Wednesday, June 7, 2023 1:56:17 PM |
| Attachments: | image001.png |
| | image002.png |



Hi Rob,

We agree to waive.

**From:** Roberson, Robert <Robert.Roberson@lewisbrisbois.com>
**Sent:** Tuesday, June 6, 2023 5:40 PM
**To:** Thomas R. Kline <tom.kline@klinespecter.com>; Aaron Dunbar <aaron.dunbar@klinespecter.com>; Sherrell Dandy <Sherrell.Dandy@klinespecter.com>; Andrew R. Benedict <abenedict@bbclawfirm.com>; Joanne R. Rubinsohn <jrubinsohn@bbclawfirm.com>
**Cc:** Darlington, Chester <Chester.Darlington@lewisbrisbois.com>; myra.lewis <myra.lewis@lewisbrisbois.com>; Janiczek, Lee <Lee.Janiczek@lewisbrisbois.com>; Brewster, Gretchen <Gretchen.Brewster@lewisbrisbois.com>; kevin@minceyfitzross.com; jordan@actionafterinjury.com; matt@actionafterinjury.com
**Subject:** 869 N. 2rd Street - Subpoenas

Dear counsel,

Attached please find correspondence regarding above-referenced matter. Also attached please find a Notice of Intent, a proposed Waiver of the 20 Day Waiting Period, and the attached Subpoenas directed to: 1) the Philadelphia Police Department; and 2) the Philadelphia Fire Department.
If you are in agreement, please sign the 20-day waiver and return to our office, at your earliest convenience, or send an email confirming that you are in agreement to waive the 20-day waiting period.
Thank you,



**Robert Roberson**
Paralegal
Robert.Roberson@lewisbrisbois.com

**T: 215.253.4998  F: 215.977.4101**

550 E. Swedesford Road, Suite 270, Wayne, PA 19087  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.



**Robert Roberson**
Paralegal
Robert.Roberson@lewisbrisbois.com

**T: 215.253.4998 F: 215.977.4101**

550 E. Swedesford Road, Suite 270, Wayne, PA 19087 |  **LewisBrisbois.com**

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

# EXHIBIT C

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

| From: | City Closure Complaints |
|---|---|
| To: | Roberson, Robert |
| Cc: | Darlington, Chester; Janiczek, Lee; Lewis, Myra; aaron.dunbar@klinespecter.com; tom.kline@klinespecter.com; Sherrell Dandy; Andrew R. Benedict; Joanne R. Rubinsohn |
| Subject: | [EXT] Re: Subpoenas to Philadelphia Police Dept. and to Philadelphia Fire Dept. - Submitting Subpoenas for Approval by City's Law Department |
| Date: | Tuesday, June 20, 2023 1:01:52 PM |
| Attachments: | image001.png |
| | Logo_e6253148-26a1-47a9-b861-6ac0ff0bc3c4.png |
| | 869 North 23rd St. - Graham - Letter to Philadelphia Fire Dept - enc. subpoena (with attachments) - 6.20.2023-.pdf |



This subpoena (Tate-McDonald - 230301653 - Fire) is approved as to form only by the City of Philadelphia Law Department. This approval does not waive any valid objection to this subpoena. This approval does not constitute service of process. Service may be perfected upon the appropriate agency/department/employee.

*Please accept this email in lieu of the more formal stamp normally applied to subpoenas by the Law Dept.*

/s/

Jeffrey Oretsky
City of Philadelphia Law Department

---

**From:** Roberson, Robert <Robert.Roberson@lewisbrisbois.com>
**Sent:** Tuesday, June 20, 2023 4:55 PM
**To:** City Closure Complaints <City_Closure_Complaints@Phila.gov>
**Cc:** Darlington, Chester <Chester.Darlington@lewisbrisbois.com>; Janiczek, Lee <Lee.Janiczek@lewisbrisbois.com>; Lewis, Myra <Myra.Lewis@lewisbrisbois.com>; aaron.dunbar@klinespecter.com <aaron.dunbar@klinespecter.com>; tom.kline@klinespecter.com <tom.kline@klinespecter.com>; Sherrell Dandy <Sherrell.Dandy@klinespecter.com>; Andrew R. Benedict <abenedict@bbclawfirm.com>; Joanne R. Rubinsohn <jrubinsohn@bbclawfirm.com>
**Subject:** Subpoenas to Philadelphia Police Dept. and to Philadelphia Fire Dept. - Submitting Subpoenas for Approval by City's Law Department

**External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

---

Hello:

Attached please find a copy of: 1) our records subpoena that we are planning to issue to the Philadelphia Police Department; and 2) our records subpoena that we are planning to issue to the Philadelphia Fire Department, which are submitting to the City's Law Department for approval as to form, as per the City's protocol. Please advise if the two (2) attached Subpoenas are approved.

Please let us know if you have any questions.

Thank you,



**Robert Roberson**
Paralegal
Robert.Roberson@lewisbrisbois.com

T: 215.253.4998  F: 215.977.4101

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724

550 E. Swedesford Road, Suite 270, Wayne, PA 19087 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.



**Robert Roberson**
**Paralegal**
**Robert.Roberson@lewisbrisbois.com**

**T: 215.253.4998 F: 215.977.4101**

550 E. Swedesford Road, Suite 270, Wayne, PA 19087 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

Certification Due Date: 01/23/2024
Response Date: 01/30/2024
Case ID: 230301653
Control No.: 24012724